```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

AHMAD HUSSAM HAMMOUD,        )
                             )
     Petitioner,             )
                             )
          v.                 )    Criminal Action No. 04cr474
                             )    Civil Action No. 07cv189
UNITED STATES OF AMERICA,    )
                             )
     Respondent.             )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the motion.

### I. Background

On July 27, 2005, Petitioner Ahmad Hussam Hammoud was convicted in this district of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and sentence on August 8, 2006. On February 26, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner alleges that he was denied effective assistance of counsel. This motion is currently before the Court.

### II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody

may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998).  The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.  *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*.  466 U.S. 668, 687 (1984); *United States v. Terry,*

366 F.3d 312, 314 (4th Cir. 2004).  Under the Strickland test, Defendant must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-94.  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails.  *Id.* at 697.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong.  *Id.* at 700.

### III.  Analysis

Petitioner argues that he was denied the effective assistance of counsel in that his attorney: (1) failed to inform Petitioner of a plea offer from the Government, which Petitioner claims he would have accepted; (2) failed to inform Petitioner of the ramifications of testifying, failed to prepare him for his own testimony, and otherwise failed to present a proper defense; and (3) failed to present rebuttal evidence regarding alternate uses of the drug paraphernalia at issue.  The Petitioner argues that these errors caused him prejudice because he would have had an opportunity to receive an acquittal or a lesser sentence but for his attorney's deficient performance.

Petitioner's first claim is that he was not made aware of a plea agreement.  The United States proposed only one plea

agreement to Petitioner's counsel, which he presented to Petitioner and which Petitioner declined.  Even if there were a second plea that was not communicated to Petitioner, he has failed to demonstrate that prejudice would have resulted.  Petitioner refused the plea offer that was made to him and repeatedly requested to take the stand on his own behalf.  Aff. of Petr's Counsel.  Given this repeatedly stated desire, it is unlikely that Petitioner would have accepted a second plea agreement had there been one.  Therefore, Petitioner fails to meet either Strickland prong for his first claim for relief.

Second, Petitioner claims that his attorney failed to advise him of the risks of testifying or properly prepare him to give his testimony at trial.  The affidavit of Petitioner's counsel contradicts Petitioner's assertion, demonstrating significant and intense preparation for trial.  A trial attorney receives significant deference for his trial strategy and advice to his client about whether or not he should testify. *See, e.g., United States v. Terry*, 366 F.3d 312, 315 (4th Cir. 2004); *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002).  In particular, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir.

1983).  Petitioner implies that counsel's advice was unreasonable because Petitioner had a limited understanding of the English language and was confused.  However, the Court specifically questioned Petitioner regarding his understanding of English, and Petitioner denied any need for a translator.  At the beginning of the proceedings he agreed to let the Court know if he had any problem understanding the advice of counsel or the proceedings, but never made such an assertion.

It appears that if had chosen not to testify, Petitioner might not have received the upward adjustment in his sentence for obstruction of justice.  However, especially given that the Court denied Petitioner's motion for a judgment of acquittal at the end of the Government's case-in-chief, there is not a reasonable probability that the outcome of the trial would have differed without Petitioner's testimony.  Petitioner has not demonstrated that his counsel's representation was not objectively reasonable or that it would have materially affected the outcome at trial.

The final ground for Petitioner's motion is that his counsel failed to present rebuttal evidence regarding alternate uses of the drug paraphernalia at issue.  Petitioner does not identify the available evidence which his counsel failed to present.  "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been," this Court cannot

5

apply the Strickland test, "because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" *Anderson v. Collins*, 18 F.3d 1208 (5th Cir. 1994) (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)). In addition, there was sufficient evidence presented at trial to demonstrate that the items in question were intended for mixing with and recompressing cocaine, and that Petitioner was aware of that fact. In its review of Petitioner's conviction, the Fourth Circuit agreed that Petitioner "gave false testimony" when he said "that the press could never be used for cocaine," and "that his cutting agent was worthless, merely carpet cleaner or 'kitchen incense' that could not effectively be mixed with drugs.'" *United States v. Hammoud*, 193 Fed. Appx. 253, 257 (4th Cir. 2006)(unpublished). Further evidence of alternate uses of the press or the cutting agents would not undermine the charge on which Petitioner was convicted, particularly because Petitioner gave evidence to that effect in his testimony, evidence determined to be false. *Id.* Petitioner has not met either of the Strickland prongs or in any way demonstrated that his case has suffered prejudice.

### IV. Conclusion

For the foregoing reasons, Petitioner's motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate Order will issue.


October 16, 2007                          /s/
Alexandria, Virginia                 James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE